# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00844-SCT

*CLIFTON W. BROWN*

*v.*

*LAUREN BROWN*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/97 |
| TRIAL JUDGE: | HON. SEBE DALE, JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | SAMUEL E. FARRIS |
| ATTORNEY FOR APPELLEE: | EUGENE LOVE FAIR, JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED -12/03/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/28/98 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. On November 3, 1995, Cliff Brown filed a petition seeking modification of a prior decree issued by the Chancery Court of Forrest County awarding his ex-wife, Lauren Brown, $400 per month in order to make "house payments" and $250 per month in child support. This award stemmed from the Browns' divorce on irreconcilable differences in 1977. In his petition, Cliff alleged that his obligation to pay the $400 per month house payment and the $250 per month child support payment had expired. Cliff and Lauren's daughter, Brittany, reached the age of majority in 1993. As a result, Cliff claimed that he should no longer be required to make any payments. However, Cliff reported the payments as alimony on his federal and state tax returns for some eighteen (18) years.

¶2. On April 30, 1998, the lower court held, as stipulated by both parties, that Brittany was emancipated and that the $250 child support payments should lawfully cease. However, the chancellor held that the $400 per month payments that Cliff had been making to Lauren as house payments, were alimony and not child support. The Chancellor ruled that the payments, as alimony, were to continue despite Brittany's majority.

¶3. Cliff comes before this Court seeking the reversal of the chancellor's decision and raising the following

point of error:

## I. THE CHANCERY COURT'S FINDING THAT THE $400 PER MONTH PAYMENT WAS ALIMONY AND NOT CHILD SUPPORT WAS ERRONEOUS AND SHOULD BE REVERSED.

¶4. Cliff's argument is without merit in light of his original pleadings, the judgment responding to those pleadings and by his actions in swearing to the tax authorities that he had been paying "alimony" to Lauren. The chancellor adjudged the $400 monthly payments to be alimony and not child support. This decision was supported by credible evidence and was well within the chancellor's discretion. As a result, this Court holds that the decision of the chancellor below is affirmed.

## STATEMENT OF FACTS

¶5. Lauren and Cliff Brown were married in March of 1969. The marriage produced one daughter, Brittany, in September of 1972. The couple separated in September of 1976.

¶6. On January 5, 1977, the Browns jointly filed a complaint for divorce, seeking dissolution of their marriage on the then-new grounds of irreconcilable differences. In their joint complaint, the Browns incorporated a signed property settlement agreement and an agreement for the care, custody and support of their daughter.

¶7. The joint complaint and settlement agreement contained the statement:

> That the parties agree that Clifton W. Brown is to pay Lauren R. Brown the sum of $600.00 per month for **child support and alimony**, said payment to be made on the 1st day of each and every month, said sum will include the house payment therein, all subject to the approval of the Court.

(emphasis added).

¶8. Thereafter, on March, 21, 1977, a final decree of divorce was granted. The final decree essentially reflected the parties' original agreement, but reordered the provisions regarding the $600.00 monthly payment as follows:

> The Court finds that the parties have agreed upon **child support payments and house payments**; wherein [sic] Clifton W. Brown has agreed to pay Lauren R. Brown the sum of $600.00 per month, commencing on the 1st day of April and the 1st day of each and every month thereafter, said sum to be paid directly to Lauren R. Brown.

(emphasis added).

¶9. The Chancery Court finally stated in the adjudicatory portion of the decree that:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that. . . Clifton W. Brown is to pay Lauren R. Brown the sum of $600.00 per month for **child support and house payments**.

(emphasis added).

¶10. In 1979, Lauren went back to court to seek a modification of support for her and her daughter. After

a hearing, the court found that:

> Said former Decree is further amended to provide that the Defendant is to pay unto the Petitioner. . .the sum of Four Hundred and No/100 Dollars ($400.00) per month for the Petitioner's house note and the sum of Two Hundred Fifty and No/100 Dollars ($250.00) per month as child support until further order of this Court.

¶11. Shortly thereafter, in August of 1980, Lauren moved with Brittany to Jackson, where they continued to live until Brittany went to college. On May 18, 1984, the marital home, located in Hattiesburg, Mississippi, was sold and the proceeds were equally divided between Cliff and Lauren Brown.

¶12. Cliff continued to pay $650 per month until December, 1994, when he ceased making the $250 per month child support payment. In March of 1995, he made his last payment of $400 and, on November 3, 1995 filed a petition seeking modification of prior decrees in order to terminate all payment obligations.

¶13. Cliff claimed that the $400 payment was in the nature of child support and should be terminated due to Brittany's emancipation. Lauren answered and asserted that the payments were alimony.

¶14. The case was submitted to the court with certain stipulations agreed to by both parties. They stipulated that Brittany was born on September 27, 1972, was then age 24 and had graduated from college and was married. It was also stipulated that Cliff paid child support through December 1994, and terminated his $400 payments in March of 1995. They agreed that Lauren and Brittany moved to Jackson in August of 1980 and that the former marital home in Hattiesburg was sold in May 18, 1984.

¶15. Cliff admitted that he claimed the $400 per month payment as alimony as a deduction on his tax returns from 1977 through 1995. However, it was also stipulated that Lauren did not claim or report the $400 per month as alimony on her tax return.

¶16. The chancellor below, after considering the record, the evidence and the briefs of the parties, terminated any child support obligations, but held the $400 payment to be alimony, and dismissed Cliff's petition to declare it as child support or property related.

## DISCUSSION OF THE ISSUE

### Standard of Review

¶17. This Court's standard for reviewing the holding of a chancellor was reiterated in *Smith*, where we held that:

> This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.

*Smith v. Jones*, 654 So. 2d 480, 485 (Miss. 1995) (citations omitted). *See also **Ferguson v. Ferguson**, 639 So. 2d 921 (Miss. 1994); **Faries v. Faries**, 607 So. 2d 1204, 1208 (Miss. 1992).

¶18. In other words, "[o]n appeal [we are] required to respect the findings of fact made by a chancellor supported by credible evidence and not manifestly wrong." *Newsom v. Newsom*, 557 So. 2d 511, 514 (Miss. 1990). This rule is particularly applicable in cases involving divorce, alimony and child support.

*Tilley v. Tilley*, 610 So. 2d 348, 351 (Miss. 1992); *Nichols v. Tedder*, 547 So. 2d 766, 781 (Miss. 1989).

### I. THE CHANCERY COURT'S FINDING THAT THE $400 PER MONTH PAYMENT WAS ALIMONY AND NOT CHILD SUPPORT WAS ERRONEOUS AND SHOULD BE REVERSED.

¶19. Cliff's only assignment of error is that the chancellor was wrong when he found that the $400 payment was alimony instead of child support. Cliff asserts that the payment was made to ensure that his daughter had proper housing. Cliff's argument is based on the fact that the Final Decree of Divorce issued in the original divorce proceedings provided for "child support and house payments," and did not mention alimony. Cliff asserts that since the word "alimony," which was used in the parties' Joint Bill of Complaint, was excluded from the Final Decree, the $400 payment was intended as child support and not alimony. We disagree.

¶20. Cliff's actions concerning the monthly payment significantly weaken his argument. For approximately eighteen (18) years, Cliff represented to the Internal Revenue Service that the $400 he paid was alimony, deductible on his verified income tax returns for state and federal purposes. Also, he signed and swore to a joint complaint for divorce in which he agreed that he would pay "alimony and child support." Finally, "child support" has clearly and consistently been delineated from the house payments in each court decree entered after the property settlement agreement was approved in the 1977 proceeding.

¶21. This Court clearly recognizes the discrepancy between the "alimony" language in the Joint Bill of Complaint and the "house payment" language in the Final Decree of Divorce. There is no question that all parties involved would have been well-served if the character of the "house payments" had been more clearly enumerated. However, it defies logic that Cliff would characterize these payments as alimony for eighteen (18) years, and then charge the chancellor with error when he did the same. Therefore, the chancellor's classification of the payments as alimony was well within his discretion as it was based on credible evidence.

### CONCLUSION

¶22. Cliff's argument is without merit in light of his sworn pleadings, the judgment responding to those pleadings and by his actions in swearing to the tax authorities that he had been paying "alimony" to Lauren. Based on this evidence, the chancellor made a logical determination that the $400 monthly payments were alimony and not child support. The decision of the chancellor below is affirmed.

¶23. **JUDGMENT IS AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. PITTMAN, P.J., NOT PARTICIPATING.**